**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WEST FISHER,

    Defendant - Appellant.

No. 19-4096
(D.C. No. 4:18-CR-00081-DN-2)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Defendant West Fisher was sentenced to 188 months' imprisonment after his conviction by a jury on one count of possession of methamphetamine with intent to distribute and one count of distribution of methamphetamine. In computing the sentencing guidelines range, the district court increased Defendant's offense level by 2 for obstruction of justice under USSG § 3C1.1. It recognized two grounds for the enhancement: (1) Defendant's retrieval of drug proceeds from the home of his

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

codefendant, Jason Saunders, after Saunders was arrested and needed the money for bail, and (2) his threatening statements about witnesses during a phone call to his girlfriend while he was in pretrial detention.

On appeal Defendant does not challenge his conviction but contends that he should be resentenced because his offense level should not have been enhanced under the obstruction-of-justice guideline. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment. Defendant forfeited the legal theories he presents on appeal regarding the drug-proceeds ground for the enhancement because they were not presented to the district court. And he has conceded that he is not entitled to relief if his arguments are considered under plain-error review. We therefore need not consider whether the enhancement could also be predicated on the threatening statements.

## I.    BACKGROUND

The Federal Drug Enforcement Agency (DEA) began investigating Defendant and his codefendant Saunders in March 2018 after receiving information from the Sevier County Sheriff's Department that Defendant was bringing large quantities of methamphetamine from out of state for sale in Utah. On July 3, 2018, the Sheriff's Department executed a warrant to search Saunders's home. They found a little less than a pound of methamphetamine in a safe in his bedroom and on his coffee table. Saunders was arrested and taken to the county jail.

A week later Saunders called Defendant from jail on a monitored phone line. He told Defendant that he had $27,000 at his home that officers had not found while

2

executing the search warrant; and he asked Defendant to get the key to his home from him at the jail and retrieve $2500 to use to bail him out. Law-enforcement officers then observed Defendant and his girlfriend, Laurie Layton, go to the jail and then to Saunders's home. The officers stopped Defendant and Layton as they drove away from the home and asked about the money. Layton told the officers that she had it and gave them $2500.

A superseding indictment on October 31, 2018, charged Defendant with possession of methamphetamine with intent to distribute and distribution of methamphetamine. He was arrested on the indictment on November 11. While he was awaiting trial in jail, he had a recorded phone conversation with Layton in which he stated:

> I'll just go to prison for a fuckin' couple of years because a dude got busted. So I'm going to take the rap for this mother fuckn' punk. I should have slit his fuckn' throat when he was here. . . . Yeah. You know what's going to happen when I get out? I'm going to kill the fuckn' punk ass pig [DEA Agent]. He's a dead motherfucker. [Cooperating Witness 1] is a dead motherfucker. [Cooperating Witness 2] is a dead motherfucker. They're dead when I get out of that mother fuckn' prison. . . . No, there's two motherfucking options. I'm not playing this mother fuckn' game with these fucking bitch ass snitches.

R., Vol. II at 9. Layton cautioned him about the threats. The witnesses mentioned by Defendant testified against him at trial, and Defendant was convicted on both counts.

## II. DISCUSSION

Defendant's sole argument on appeal is that the district court improperly increased his offense level for obstruction of justice under USSG § 3C1.1. The district court ruled that Defendant engaged in two acts of obstruction. One was the

3

conversation with Layton in which he threatened witnesses. The other was his removing drug money from Saunders's home to pay Saunders's bail. We must affirm unless Defendant successfully challenges both grounds for the enhancement, since one act of obstruction suffices for imposition of the enhanced offense level.

We need not, however, address every challenge raised by the appellant in this court. Failure to preserve an issue in the district court forfeits the right to review of that issue on appeal. *See Ave. Capital Mgmt. II, L.P. v. Schaden*, 843 F.3d 876, 885 (10th Cir. 2016); *United States v. Buonocore*, 416 F.3d 1124, 1128 (10th Cir. 2005) ("In general, this court will not consider a theory on appeal not raised or ruled on below."); Fed. R. Crim. P. 51(b) ("A party may preserve a claim of error by informing the court . . . of . . . the party's objection to the court's action and the grounds for that objection."). For an objection to a court ruling to preserve an argument against the ruling, it "must be definite enough to indicate to the district court the precise ground for [the] party's complaint." *United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009) (internal quotation marks omitted). Otherwise, "the district court is deprived of the opportunity to correct its action in the first instance." *Id.* The mere fact that the theory presented on appeal falls under the same general rubric as one presented to the district court is not sufficient to preserve the theory for appellate review. *See United States v. A.B.*, 529 F.3d 1275, 1279 n.4 (10th Cir. 2008) ("We have repeatedly declined to allow parties to assert for the first time on appeal legal theories not raised before the district court, even when they fall under the same general rubric as an argument presented to the district court.").

4

We now address whether Defendant preserved below his appellate arguments challenging the drug-proceeds ground for imposing the obstruction-of-justice enhancement to his offense level.

The presentence report prepared by the probation office recommended that Defendant receive a two-level enhancement under § 3C1.1 for his conduct in retrieving cash from the home of his codefendant. Defense counsel filed written objections to the recommendation. His argument against basing the enhancement on his retrieval of the drug proceeds was that getting money to bail Saunders out of jail was "not an obstruction of justice in the traditional sense of the crime." R., Vol. II at 28. Counsel explained, "Being asked [by] a friend to go to his house and get some bail money to bail him out of jail is not the standard set of circumstances that the obstruction of justice statute is meant to prevent." *Id.* He quoted the Utah obstruction-of-justice statute and, without pointing to any particular language in the statute, said that "[c]learly this enhancement does not apply, in that the behavior mentioned by law enforcement, and even the charging document in the State of Utah, could not support a conviction of this crime by [Defendant]."[1] *Id.*

---

[1] The Utah statute states:

> (1) An actor commits obstruction of justice if the actor, with intent to hinder, delay, or prevent the investigation, apprehension, prosecution, conviction, or punishment of any person regarding conduct that constitutes a criminal offense:
>> (a) provides any person with a weapon;
>> (b) prevents by force, intimidation, or deception, any person from performing any act that might aid in the discovery, apprehension, prosecution, conviction, or punishment of any person;
>> (c) alters, destroys, conceals, or removes any item or other thing;
>> (d) makes, presents, or uses any item or thing known by the actor to be false;

Defense counsel made more or less the same argument at the sentencing hearing. He argued:

> [U]nder Utah State law, I don't think . . . that going to someone's house, getting money from their house and bailing someone out at their request is an obstruction of justice. . . . [I]t's not one of the elements. It's not, go get some money and get me an airport ticket to get me out of the country and come bail me out. It's simply, go to my house, pick up the money, come bail me out.

R., Vol. III at 442–43. Again, counsel did not point to any particular language in the state statute.

The government responded that Defendant went to Saunders's house "to get drug money" that officers had not found when they executed the search warrant. *Id.* at 445. Therefore, the government argued, Defendant "[took] evidence from the scene," which is "obstruction of justice in and of itself." *Id.* Defense counsel did not respond to this argument. The district court ruled that the guideline applied because it provides that "an attempt to interfere with prosecution [is] an obstruction of justice." *Id.* at 446.

---

(e) harbors or conceals a person;
(f) provides a person with transportation, disguise, or other means of avoiding discovery or apprehension;
(g) warns any person of impending discovery or apprehension;
(h) warns any person of an order authorizing the interception of wire communications or of a pending application for an order authorizing the interception of wire communications;
(i) conceals information that is not privileged and that concerns the offense, after a judge or magistrate has ordered the actor to provide the information; or
(j) provides false information regarding a suspect, a witness, the conduct constituting an offense, or any other material aspect of the investigation.

Utah Code Ann. § 76-8-306 (West 2020)

6

Apparently recognizing the validity of the government's removal-of-evidence theory, Defendant does not argue on appeal that taking the drug money from Saunders's home could not constitute obstruction of justice. Rather, he argues that for the obstruction-of-justice enhancement to apply to an attempt to conceal evidence, the evidence at issue "must relate to the crime of conviction," Aplt. Br. at 14 (internal quotation marks omitted), and "the conduct at issue must have occurred during the investigation, prosecution, or sentencing of the instant offense," *id.* at 13–14 (internal quotation marks omitted). He explains that his "crime of conviction did not include or otherwise require consideration of Mr. Saunders' proceeds of the crimes with which he had been charged at the time," *id.* at 15, and that the temporal requirement was not satisfied because when he picked up the drug proceeds there was no indication of a pending investigation against him. He also argues he had no intent to conceal evidence of his crime of conviction because there was no reason to believe that an investigation of his drug dealing was under way or imminent when he took the cash.

In short, Defendant's brief on appeal argues that regardless of whether his conduct obstructed the prosecution of Saunders, it did not obstruct the prosecution against him. That was not the argument Defendant made in district court, where he asserted that the conduct did not obstruct justice. Defendant's reply brief on appeal argues that what he said in his objections to the PSR and at his sentencing hearing adequately alerted the district court to the issues raised on appeal. Respectfully, we cannot agree.

7

We recognize that even when an issue is forfeited, the defendant may still pursue plain-error review. *See* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) ("[A] party that has forfeited a right by failing to make a proper objection may obtain relief for plain error[.]" (emphasis omitted)). But not only has Defendant failed to ask for plain-error review or to argue why the district court's imposition of the offense-level enhancement would be plain error, he has conceded that he does not believe that his sentence was plainly erroneous. He states in his reply brief, "As the government notes, we did not argue plain error in our opening Brief. Candidly, we do not believe that the circumstances of this case and applicable case law support reversal of the District Court's application of USSG § 3C1.1 based on a plain error analysis." Aplt. Reply Br. at 1 n.2. We therefore hold that he has waived his right to plain-error review and affirm his sentence.

### III.  CONCLUSION

We **AFFIRM** the judgment below.

Entered for the Court

Harris L Hartz
Circuit Judge

8